UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **HARTFORD CASUALTY INSURANCE COMPANY, ET AL.** | **NO. 20-00456-BAJ-RLB** |

### RULING AND ORDER

Plaintiff's action was removed to this Court from the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana. In their Notice of Removal, Defendants invoke the Court's general diversity jurisdiction. Upon *sua sponte* review, however, the Court concludes that it lacks subject matter jurisdiction—and that this matter must be remanded—because Defendants have failed to affirmatively show that the amount in controversy likely exceeds $75,000.

**I.   DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by [the] Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte,* at any time." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district . . . embracing the place where such action is pending." The question of "removal jurisdiction [is determined] on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In their Notice of Removal, Defendants assert traditional diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1 at ¶ VIII). In addition to its diversity of citizenship requirement, § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Here, Plaintiff's original state court Petition fails to specify an amount in controversy. (*See* Doc. 1-3 at pp. 11-13). In such instances, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). "[T]he key to the door is an affirmative showing" that the amount in controversy is satisfied "at the time removal is attempted." *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961). The removing defendant carries its burden "either by establishing that it is 'facially apparent' that the claims probably exceed $75,000 or by establishing the facts in controversy in the removal petition or an

2

accompanying affidavit to show that the amount-in-controversy is met." *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773-74 (5th Cir. 2003).[1]

Here, Defendants acknowledge that Plaintiff's Petition does not clearly establish the amount in controversy. (Doc. 1 at ¶ IV). The Court agrees. The injuries alleged and damages claimed are vaguely stated—amounting to customary categories of damages universally set forth in personal injury actions—and, thus, provide the Court with little guidance as to the *actual* damages that Plaintiffs incurred. (*See* Doc. 1-3 at p. 12). "[R]emoval cannot be based simply upon conclusory allegations." *Felton*, 324 F.3d at 774 (quotation marks omitted). The various damages stated in Plaintiff's Petition are too speculative to establish that the Petition, standing alone, makes out a claim for more than $75,000.

Nonetheless, Defendants contend that the amount in controversy is satisfied based on Plaintiff's alleged "written responses to discovery and responses to requests for production of documents." (Doc. 1 at ¶ V).[2] Specifically, Defendants direct the

---

[1] Because the two are often confused, it bears reminding that the issue of whether the removing defendant can establish § 1332(a)'s amount in controversy requirement is separate and distinct from the issue of whether the defendant's removal is timely under § 1446. *See Pesch v. Progressive Nw. Ins. Co.*, No. 20-cv-288, 2021 WL 1200889, at *10 (M.D. La. Feb. 23, 2021) (Wilder-Doomes, M.J.), *report and recommendation adopted*, 2021 WL 1187078 (M.D. La. Mar. 29, 2021) (Dick, J.). Here, the issue is *only* whether Defendants have affirmatively proved § 1332(a)'s amount in controversy requirement. The Court does not address whether Defendants' removal was timely.

[2] Certainly, Plaintiff's alleged injuries create the *potential* for a claim in excess of $75,000. The mere *potential* for recovery in excess of the jurisdictional minimum, however, is not enough. Rather, Fifth Circuit law is clear that to satisfy the jurisdictional minimum, the defendant must show that it is *more likely than not* that the plaintiff will recover more than the jurisdictional minimum. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant

3

Court's attention to (i) interrogatory responses indicating that Plaintiff sustained injuries to her neck, back and left hip, and (ii) medical records identifying "bulges" at C3-4, C4-5 and L-12, and "herniations" at C5-6, C6-7, L2-3, L4-5, and L5-S1. (Doc. 1 at ¶ V). Defendants fail to identify any treatment Plaintiff has received as a result of these ailments, but instead cite caselaw indicating that plaintiffs suffering similar injuries have recovered awards in excess of the jurisdictional minimum. (*Id.* at ¶ VI).

The Court is not persuaded by Defendants showing. First, Defendants have failed to append any of Plaintiff's alleged discovery responses or medical records to their Notice of Removal. The Court will not consider evidence that is not in the record. Second, even accepting Defendants' representations at face value, Plaintiff's alleged injuries are still too vague to confidently predict that she may recover in excess of $75,000. Simply put, without any indication whatsoever of treatment(s) Plaintiff has undergone, the Court cannot assign any value to Plaintiff's ailments. Finally, the Court is unmoved by Defendants' caselaw, particularly in light of its own research indicating that generically alleged spine and lumbar injuries generally yield damages awards in the range of $30,000-$45,000, a far cry from the jurisdictional minimum. *See Shelton v. Hallmark Trucking Ins. Co.*, No. 17-1683-BAJ-EWD, 2018 WL 1998341, at *4 ("[A] general review of quantum cases demonstrates that general

---

shows merely that the plaintiff "could well" recover more than the jurisdictional minimum); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (instructing that the jurisdictional minimum is not established where the defendant shows merely that there is "some possibility" that the plaintiff will recover more than the jurisdictional minimum).

4

damages awards for multiple bulging discs often (if not more often than not) do not exceed $30,000-$45,000, even where the plaintiff is actually treated with steroid injections." (collecting cases)), *recommendation adopted*, 2018 WL 1997543 (M.D. La. Apr. 27, 2018). Defendant's failure to cite specific evidence that Plaintiffs' actual injuries result in a claim exceeding $75,000 suggests that the amount in controversy here is also within $30,000-$45,000 range set forth in caselaw.

## II.   CONCLUSION

In sum, Defendants have failed to make an affirmative showing that the amount in controversy exceeds § 1332(a)'s jurisdictional minimum. Having no basis to exercise jurisdiction, this action "shall be remanded" pursuant to § 1447(c).

**IT IS ORDERED** that this action is **REMANDED** to the Eighteenth Judicial District Court for the Parish of Pointe Coupee, State of Louisiana, State of Louisiana.

Baton Rouge, Louisiana, this 18th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**